I concur in the majority's analysis and disposition of appellants' first, third, sixth, seventh, eighth, ninth, tenth, eleventh and twelfth assignments of error. I further concur in the majority's disposition of appellants' second and fourth assignments of error. However, unlike the majority, I find the dismissal of appellee Bruce Levengood's complaint violated Civ.R. 41(A)(1)(b) because appellants had appeared in the action via their motion to extend the time in which to file an answer. Nevertheless, I find such error to be harmless because the agreed judgment entry extended the time within which appellants could request arbitration and because appellants were subsequently granted leave to file their answer and cross-claims. Finally, I concur in the majority's disposition of appellants' fifth assignment of error. Even if Mitsubishi and Diamond had established the requisite minimum contracts in Ohio to confer jurisdiction under R.C. 2307.38.2 (as averred in the affidavits and testimony of Tim and Kreg Levengood), because appellants' claim against Mitsubishi and Diamond were based upon their subsidiary Transfuel's action and appellants' claims against Transfuel were properly dismissed for the reasons set forth in the majority opinion, any error committed by the trial court in failing to find it had jurisdiction over Mitsubishi and/or Diamond would be harmless.